# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDGAR MORA, a California resident,

Plaintiff,

v.

MARUCHAN, INC., a California corporation;
REAL TIME STAFFING SERVICES, LLC, a Georgia corporation;
EMPLOYBRIDGE, LLC, a California corporation; and
DOES 1–100, inclusive,

Defendants.

Case No. 8:25-cv-02378-JWH-ADS

**ORDER DENYING DEFENDANT'S MOTION TO JOIN [ECF No. 21]**

In July 2025, Plaintiff Edgar Mora filed this putative class action in Orange County Superior Court against Defendants Maruchan, Inc.; Real Time Staffing Services, LLC; and Employbridge, LLC, asserting claims for relief for, *inter alia*, failure to provide minimum wages, failure to pay overtime wages, failure to provide meal periods, and other violations arising under the California Labor Code and California Unfair Competition Law.[1] Real Time Staffing and Employbridge removed the action to this Court in October 2025 under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2] On the same day that those Defendants removed the action to this Court, Mora voluntarily dismissed Real Time Staffing pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[3]

Before the Court is Maruchan's motion to re-join Real Time Staffing as a necessary party pursuant to Rule 19(a).[4] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[5] the Court **DENIES** Maruchan's instant Motion, for the reasons set forth below.

---

1 *See generally* Compl. (the "Complaint") [ECF No. 1-1].

2 *See* Not. of Removal (the "Notice of Removal") [ECF No. 1].

3 Pl.'s Not. of Dismissal (the "Notice of Dismissal") [ECF No. 4].

4 Def.'s Mot. to Join (the "Motion") [ECF No. 21].

5 The Court considered the documents of record in this action, including the following papers: (1) Motion; (2) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 37]; and (3) Def.'s Reply in Supp. of the Motion [ECF No. 41].

# I. BACKGROUND

## A. Factual Allegations

Mora resides in Orange County, California, and he worked in Production for Defendants from approximately June 2024 to August 2024.[6] Maruchan and Employbridge are California corporations, while Real Time Staffing is a Georgia corporation.[7]

Mora alleges that Defendants failed to provide employees with the ability to take timely, compliant, and uninterrupted meal and rest breaks.[8] Mora asserts that Defendants interrupted Mora and class members during their meal and rest breaks and "instructed Plaintiff and Class Members to stay in certain areas, such as breakrooms, during such meal and rest breaks."[9] Mora further avers that Defendants have implemented a uniform policy of denying compensation in lieu of meal and rest periods to its non-exempt employees.[10]

According to Mora, "Plaintiff and Class Members were forced to work off the clock and deprived of owed straight time wages."[11] Additionally, Mora and class members worked shifts of at least eight hours per day, or at least 40 hours per week; accordingly, Mora and the class members were required to be paid at overtime rates, which Defendants did not do.[12]

Mora also alleges that, "[a]s a matter of uniform and systemic policy," Defendants failed to pay Mora and class members for time worked "off the

---

6 *See generally* First Am. Compl. (the "Amended Complaint") [ECF No. 1-2] ¶ 1.

7 *Id.* at ¶¶ 2–4.

8 *Id.* at ¶ 9.

9 *Id.* at ¶ 10.

10 *Id.* at ¶ 11.

11 *Id.* at ¶ 12.

12 *Id.*

clock" by requiring Mora and class members to work earlier and later than scheduled shift times to "don and doff uniforms."[13]

Maruchan and Real Time Staffing act as joint employers.[14]

### B. Procedural History

In July 2025, Mora commenced the instant class action against Defendants in state court.[15] In September 2025, Mora amended his pleading to add a claim arising under the Private Attorneys General Act.[16] The next month, Real Time Staffing and Employbridge removed the action to this Court.[17] In their Notice of Removal, Real Time Staffing and Employbridge represented that there are "at least five [Putative Class Members] who are citizens of the States of Texas, North Carolina, Arizona, Kentucky and Utah for the purposes of CAFA jurisdiction."[18]

As noted above, Mora voluntarily dismissed Real Time Staffing pursuant to Rule 41(a)(1)(A)(i).[19] Now, the Court must decide if Rule 19(a) requires the re-joinder of Real Time Staffing as a necessary party.

## II. LEGAL STANDARD

Rule 19 establishes a three-step inquiry. First, the district court must "determine whether the absent party is 'required' under Rule 19(a)." *Maverick Gaming LLC v. United States*, 123 F.4th 960, 972 (9th Cir. 2024), *cert. denied sub nom. RunItOneTime LLC v. United States*, 146 S. Ct. 98 (2025). If the absent

---

13 *Id.* at ¶ 13.

14 *Id.* at ¶ 3.

15 *See generally* Complaint.

16 *See generally* Amended Complaint.

17 *See* Notice of Removal.

18 *Id.* at ¶ 18.

19 Notice of Dismissal.

party is required, the court then must determine "whether joinder of that party is feasible." *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022). "Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (citing Fed. R. Civ. P. 19(a)). If joinder is not feasible, then the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

## III. ANALYSIS

The Court begins by examining whether the absent party— Real Time Staffing—is necessary. Maruchan argues that complete relief is not possible without joining Real Time Staffing as a party Defendant.[20] Mora responds that complete relief is indeed possible without Real Time Staffing.[21] The Court agrees with Mora.

"A party may be necessary under Rule 19(a) in three different ways." *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(A)). "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).

---

[20] Motion 10:11–18.

[21] Opposition 2:5–6.

### A. Complete Relief Among the Parties

California law governs Mora's claims.[22] Under California law, joint employers are jointly and severally liable for wage and hour violations arising under California's Labor Code. *See Noe v. Superior Court*, 237 Cal. App. 4th 316, 333 (2015) ("[Cal. Lab. Code § 1194] permits an employee with multiple employers to seek recovery of unpaid wages from any of them.").

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (*per curiam*); *see also Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015) (an absent joint tortfeasor "generally will not be a required party under Rule 19(a)(1)(A)"), *abrogation recognized on other grounds by Sperring v. LLR, Inc.*, 995 F.3d 680 (9th Cir. 2021). "[A] tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19 Notes of Advisory Committee on Rules—1966 Am. "[J]oint tortfeasors and alleged co-conspirators are not indispensable parties for the purposes of Rule 19." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 1307112, at *4 (N.D. Cal., Mar. 23, 2015).

Here, the Court can provide complete relief among the existing parties without the presence of Real Time Staffing as a party Defendant. Maruchan and Real Time Staffing are joint employers, and, therefore, they are jointly and severally liable for wage and hour violations, *see Noe*, 237 Cal. App. 4th at 333, and Mora can collect the full amount of any damage award from Maruchan alone, *see Bartneck v. Dunkin*, 1 Cal. App. 3d 58, 62 (1969) ("Each of several tortfeasors, being severally a wrongdoer, is liable for the payment of the whole claim. The injured party can sue and collect in full from any one wrongdoer.").

---

[22] *See generally* Complaint.

Accordingly, Real Time Staffing is "not an indispensable party for the purposes of Rule 19." *See Clear-View Techs.*, 2015 WL 1307112, at *4.

Maruchan contends that Real Time Staffing is necessary to accord complete relief among the parties because any injunctive or declaratory relief will not bind Real Time Staffing, and, therefore, Real Time Staffing "could, and would continue unfettered, its alleged unlawful practices."[23] But Rule 19 requires complete relief among only ***existing*** parties. *See* Fed. R. Civ. P. 19(a)(1)(A) ("A person . . . must be joined as a party if . . . the court cannot accord complete relief among ***existing*** parties." (emphasis added)). If the Court determines that Mora is entitled to injunctive or declaratory relief, then all existing parties will be bound by that determination and the existing parties will have been accorded complete relief.

Accordingly, the Court concludes that complete relief can indeed be accorded among the existing parties without the joinder of Real Time Staffing.

**B. Protection of Absent Parties' Interest**

Maruchan argues that Real Time Staffing has an interest in the action because it removed the action to this Court, because the instant action implicates Real Time Staffing's contractual obligations, and because Real Time Staffing faces a potential risk of future regulatory scrutiny.[24] The Court is not convinced.

First, the Court disagrees that Real Time Staffing has claimed an interest in this action simply because it removed the action to this Court. *See* Fed. R. Civ. P. 19(a)(1)(B). After removal, Mora dismissed Real Time Staffing pursuant to Rule 41(a)(1)(A)(i).[25] Real Time Staffing has not appeared

---

[23] Motion 11:10–18.

[24] *Id.* at 11:26–12:21.

[25] Notice of Dismissal.

thereafter, nor did it seek to intervene in the case. Second, Real Time Staffing is not necessary because Mora does not seek to set aside the contractual relationship between Real Time Staffing and Maruchan. *Cf. Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150, 1156–57 (9th Cir. 2002) ("[N]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."). Third, Maruchan's concerns regarding future regulatory scrutiny are not compelling because the interest must be "more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

**C. Inconsistent Obligations**

Maruchan contends that it may be subjected to inconsistent obligations because, assuming that the Court grants injunctive relief to Mora in the instant action, Maruchan and Employbridge could be brought into subsequent actions under a joint employer theory with Real Time Staffing and could be subjected to multiple obligations if relief is warranted in those other actions.[26]

But Maruchan misunderstands the requirements of inconsistent obligations, which:

> are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

[26] Motion 13:8–19.

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (quoting and adopting the reasoning of *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). Maruchan has not adequately explained to the Court how a failure to join Real Time Staffing would expose Maruchan to inconsistent obligations. Accordingly, the possibility that Maruchan may have to comply with multiple injunctions enjoining it from violating California's Labor Code does not rise to the level of inconsistent obligations.

Having determined that Real Time Staffing is not a necessary party, the Court declines to analyze the remaining elements. *See Ramirez v. Manpower, Inc.*, 2014 WL 3378306, at *7 (N.D. Cal. July 10, 2014) (concluding that the court need not reach the remaining elements if it determines that one of the elements is not satisfied).

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Maruchan's Motion to join Real Time Staffing [ECF No. 21] is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 2, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE